THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARMANDO RIXTUN-CABRERA, :
:
      Petitioner :
:
v. : 4:20-CV-2070
: (JUDGE MARIANI)
WARDEN CLAIR DOLL, :
:
      Respondent :

## MEMORANDUM OPINION

### I. BACKGROUND

On November 10, 2020, Petitioner Armando Rixtun-Cabrera, a native and citizen of Guatemala, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE") and seeking his immediate release due to the health risks posed by COVID-19 at the York County Prison, in York, Pennsylvania, where he was detained at the time his petition was filed. (Doc. 1).

Magistrate Judge William Arbuckle thereafter issued a Report and Recommendation ("R&R"), recommending that the petition be granted in part to the extent that Petitioner be afforded an individualized bond hearing, but denied as to allegations of unconstitutional conditions of confinement and deliberate indifference regarding the COVID-19 virus. (Doc. 10). The Government filed partial Objections to this R&R, arguing that Petitioner, having

previously received a bond hearing, was not entitled to repetitive bond hearings under the applicable law and facts of his case. (Docs. 11, 12).

On November 22, 2021, this Court issued an Order noting that the Immigration Judge in Petitioner's case had granted Petitioner's application for withholding under the Convention Against Torture on April 22, 2021 and that it appeared the U.S. Immigration and Customs Enforcement had no record of Petitioner being currently detained in ICE custody, and therefore directing the Respondent to file a letter setting forth Petitioner's status and whether the pending petition for habeas relief was moot. (Doc. 13).

On November 30, 2021, Respondent filed a suggestion of mootness stating that Petitioner was released under an order of supervision on April 6, 2021. (Doc. 14). Respondent argues that because no further relief is available to Rixtun-Cabrera, his habeas petition is now moot and should be dismissed. (*Id.*). In an effort to again confirm the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody of that agency.[1]

For the reasons set forth below, the Court will dismiss the habeas petition (Doc. 1) as moot.

---

[1] Upon entering Petitioner's alien registration number, 097738830, and his country of birth, Guatemala, into the ICE Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee. Additionally, Petitioner is no longer listed as an inmate at the York County Prison.

2

## II. DISCUSSION

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)); *see also, Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011). In the present case, the habeas petition challenges Petitioner's continued detention. (*See* Doc. 1). Since the filing of the petition, Petitioner has been released from ICE custody under an order of supervision. Thus, the petition no longer presents an existing case or controversy. *See e.g., Nunes v. Decker*, 480 F.App'x 173, 175 (3d Cir. 2012) (holding petitioner's release from immigration detention on an order of supervision rendered his § 2241 habeas petition moot). Further, Rixtun-Cabrera has received the relief he sought, namely, his release from ICE detention. *See id.*; *Sanchez v. Att'y Gen.*, 146 F.App'x 547, 549 (3d Cir. 2005) (holding habeas petition challenging petitioner's continued detention by ICE was rendered moot once petitioner was released); *Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. *Cf. Frayre-Castaneda v. Lowe*, 2019 WL 1247520, *1 (M.D.Pa. Feb. 27, 2019) ("In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot.")

(citing *Burke v. Gonzales*, 143 F.App'x 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 F.App'x 530 (3d Cir. 2004)), *report and recommendation adopted*, 2019 WL 1239693 (M.D. Pa. Mar. 18, 2019).

Accordingly, the instant habeas corpus petition (Doc. 1) will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

                                                                          /s/ Robert D. Mariani
                                                                          Robert D. Mariani
                                                                          United States District Judge